# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ELI LILLY AND COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 1:12-cv-00086-TWP-DKL |
| | ) |
| ACCORD HEALTHCARE, INC., USA, | ) |
| APOTEX INC., and APOTEX CORP., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## AMENDED CASE MANAGEMENT PLAN

**I.   Parties and Representatives**

    A.   Plaintiff:   Eli Lilly and Company ("Lilly")

           Defendants:   Accord Healthcare, Inc., USA ("Accord")
                            Apotex Inc. and Apotex Corp. ("Apotex")

    B.   Attorneys for Lilly:

           Bruce R. Genderson
           Adam L. Perlman
           Ellen E. Oberwetter
           Dov P. Grossman
           David M. Krinsky
           Megan A. Hughes
           WILLIAMS & CONNOLLY LLP
           725 Twelfth Street, N.W.
           Washington, D.C. 20005
           Tel: (202) 434-5000
           Fax: (202) 434-5029
           bgenderson@wc.com
           aperlman@wc.com
           eoberwetter@wc.com
           dgrossman@wc.com
           dkrinsky@wc.com
           mhughes@wc.com

|                        |                                              |
|------------------------|----------------------------------------------|
|                        | Jan M. Carroll (4187-49)                     |
|                        | BARNES & THORNBURG LLP                       |
|                        | 11 South Meridian Street                     |
|                        | Indianapolis, Indiana 46204                  |
|                        | Tel: (317) 236-1313                          |
|                        | Fax: (317) 231-7433                          |
|                        | jan.carroll@btlaw.com                        |
| Attorneys for Accord:  | Michael R. Dzwonczyk                         |
|                        | Chidambaram S. Iyer                          |
|                        | Chandran B. Iyer                             |
|                        | SUGHRUE MION, PLLC                           |
|                        | 2100 Pennsylvania Ave., N.W.                 |
|                        | Washington, DC 20037                         |
|                        | Tel: (202) 293-7060                          |
|                        | Fax: (202) 293-7860                          |
|                        | mdzwonczyk@sughrue.com                       |
|                        | ciyer@sughrue.com                            |
|                        | cbiyer@sughrue.com                           |
|                        | James W. Riley, #6073.49                     |
|                        | RILEY BENNETT & EGLOFF, LLP                  |
|                        | 141 East Washington Street, Fourth Floor     |
|                        | Indianapolis, Indiana 46204                  |
|                        | Tel: (317) 636-8000                          |
|                        | Fax: (317) 636-8027                          |
|                        | jriley@rbelaw.com                            |
| Attorneys for Apotex:  | William A. Rakoczy                           |
|                        | Paul J. Molino                               |
|                        | Rachel P. Waldron                            |
|                        | John D. Polivick                             |
|                        | Brian P. Murray                              |
|                        | RAKOCZY MOLINO MAZZOCHI SIWIK LLP            |
|                        | 6 West Hubbard Street, Suite 500             |
|                        | Chicago, Illinois 60654                      |
|                        | Tel: (312) 222-6301                          |
|                        | Fax: (312) 222-6321                          |
|                        | wrakoczy@rmmslegal.com                       |
|                        | paul@rmmslegal.com                           |
|                        | rwaldron@rmmslegal.com                       |
|                        | jpolivick@rmmslegal.com                      |
|                        | bmurray@rmmslegal.com                        |

>Sally Franklin Zweig
>Offer Korin
>Linda L. Vitone
>KATZ & KORIN, PC
>The Emelie Building
>334 North Senate Avenue
>Indianapolis, IN  46204-1708
>Tel:  (31) 464-2626
>Fax:  (317) 464-1111
>szweig@katzkorin.com

Counsel shall promptly file a notice if there is any change in this information.

## II. Synopsis of Case

The parties incorporate by reference their respective synopses of the case filed in the Case Management Plan previously adopted in this case on May 16, 2012 (ECF No. 30), and filed by Lilly and Apotex in Case No. 1:12-cv-00499-TWP-DKL on July 3, 2012 (ECF No. 45) and July 18, 2012 (ECF No. 54).

This action was consolidated with Case No. 1:12-cv-00499-TWP-DKL on July 23, 2012 (ECF No. 55).

## III. Pretrial Pleadings and Disclosures

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **July 26, 2012**.

B. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **September 14, 2012**.

C. Lilly shall serve Disclosure of Asserted Claims and Preliminary Infringement Contentions on or before **July 27, 2012** which shall contain the following information:

1. Each claim of each patent in suit that is allegedly infringed by each opposing party;

2. Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware.  This identification shall be as specific as possible.  Each product, device, and apparatus must be identified by name or model number, if known.  Each method or process must be identified by name, if known, or by any

       product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

3. A Plaintiff's Claim Chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

4. Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

5. For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

6. If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

    With the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," the party claiming patent infringement must produce to each opposing party or make available for inspection and copying:

    a. Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

    b. All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date; and

    c. A copy of the file history for each patent in suit.

    The producing party shall separately identify by production number which documents correspond to each category.

D.     Accord and Apotex shall serve Preliminary Invalidity Contentions on or before **September 11, 2012**.

    Each party opposing a claim of patent infringement shall serve on all parties its "Preliminary Invalidity Contentions," which must contain the following information: (a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s); (b) Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified; (c) A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and (d) Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(l) of any of the asserted claims.

    With the "Preliminary Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying: (a) Source code, specifications, schematics, flow charts, artwork, formulas, and other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Plaintiff's Claim Chart; (b) A copy of each item of prior art identified which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

E.     The parties shall simultaneously exchange lists of claim terms, phrases, or clauses which they contend should be construed by the Court and identify any claim element which they contend should be governed by 35 U.S.C 112(6) on or before **September 24, 2012.** The parties shall thereafter meet and confer for the

purposes of finalizing these lists, narrowing or resolving differences, and facilitating the ultimate preparation of a Joint Claim Construction Statement.[1]

F. The parties shall disclose the name, address, and vita of each expert witness whom they intend to use in support of their *Markman* brief and/or call at the *Markman* hearing on or before **October 12, 2012**. If a party discloses an expert witness on this deadline, any party that did not identify an expert witness on this deadline may disclose the name, address and vita of an expert witness whom they intend to use in support of their *Markman* brief and/or call at the *Markman* hearing on or before **October 17, 2012**.[2]

G. On or before **October 12, 2012,** the parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes. Each such "Preliminary Claim Construction" shall for each element which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that element. By the same date, the parties also shall provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citation to learned treatises and prior art, and testimony of percipient or expert witnesses they contend support their respective claim constructions. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not produced. With respect to any percipient witness, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

H. Within **10 days** after service of the statements of preliminary claim construction, the parties shall meet and confer to discuss issues relating to claim construction. During this meeting, the parties shall confer for the purposes of narrowing or resolving differences and facilitating the ultimate preparation of a Joint Claim Construction Statement.

I. If Lilly identified a *Markman* expert, Lilly shall serve the expert report required by Fed. R. Civ. P. 26(a)(2)(B), on or before **November 21, 2012**.

---

[1] Should the parties determine on or about **September 24, 2012,** that no claim terms, phrases or clauses require construction, the parties agree to meet and confer in good faith to negotiate a proposal for the remainder of the schedule to be presented to the Court in advance of the next case management conference.

[2] If no party discloses an expert witness whom they intend to use in support of their *Markman* brief and/or call at the *Markman* hearing, the parties agree to meet and confer in good faith to negotiate a proposal for the remainder of the schedule to be presented to the Court in advance of the next case management conference.

J.  If Accord and/or Apotex identified a *Markman* expert, Accord and/or Apotex shall serve the expert report required by Fed. R. Civ. P. 26(a)(2)(B) on or before **December 14, 2012**.

K.  The parties shall file a Joint Claim Construction Statement on or before **December 21, 2012**.  The Joint Claim Construction Statement shall contain the following information: (a) the construction of those claims, terms, phrases, or clauses on which the parties agree; (b) each party's proposed construction of each disputed claim, term, phrase, or clause; (c) the anticipated length of time necessary for the *Markman* hearing; and (d) whether any party proposes to call one or more witnesses, including experts, at the *Markman* hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

L.  A settlement conference before the assigned magistrate judge or, if the parties prefer, private mediation, will be held approximately **10 days** after the parties file the Joint Claim Construction Statement.

M.  *Markman* Briefing

Track 2

Lilly shall file an opening *Markman* brief on or before **January 18, 2013** if a *Markman* expert is identified.  Defendants shall file their *Markman* brief on or before **February 6, 2013**.  Lilly shall file a reply brief on or before **February 18, 2013**.[3]

N.  The parties should anticipate that a *Markman* hearing will be held approximately **February 28, 2013**.

O.  Not later than **15 days after the Court's *Markman* decision**, the Court shall set a case management plan conference at which Phase II dates and trial date will be set.

P.  Each party opposing a claim of patent infringement that will rely on an opinion of counsel as part of a defense to a claim of willful infringement shall:  (i) Produce the opinion(s) and any other documents relating to the opinion(s) as to which that party agrees the attorney-client or work product protection has been waived; and (ii) Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the

---

[3] To avoid scheduling deadlines during the winter holidays, the parties have proposed modifications to the dates in Sections M and N from those found in the Instructions for Preparing Case Management Plan.

7

opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection. This will be completed on or before _____ [no later than **30 days after the Court's *Markman* decision -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling*].

A party opposing a claim of patent infringement who does not comply with these requirements shall not be permitted to rely on an opinion of counsel as part of a defense to willful infringement absent a stipulation of all parties or by order of the Court, which shall be entered only upon a showing of good cause.

Q. A party claiming patent infringement may serve "Final Infringement Contentions" that amend its Preliminary Infringement Contentions if that party in good faith believes that the Court's Claim Construction Ruling or the documents produced by the other part(ies) during the course of discovery so require. These shall be filed on or before _____ [within **30 days after the Court's *Markman* decision** - *Note: no date needs to be supplied for this subparagraph until after the Markman ruling*].

R. Lilly shall serve (but not file with the Court) on or before _____ [no later than **30 days after the Court's *Markman* decision -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling*] a statement of damages to be sought at trial, if any, and make a settlement demand. Defendants shall serve (but not file with the Court) a response thereto within **30 days** after receipt of the demand.

S. All parties shall file and serve their final witness and exhibit lists on or before _____ [no later than **30 days after the Court's *Markman* decision -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling*]. **These lists shall be updated (narrowed) every 30 days until trial witness lists are filed.** The final witness lists shall include a brief description of each witness' anticipated testimony and certification by counsel that each witness has either been deposed in this action or interviewed by counsel.

T. On or before _____ [no later than **60 days after the Court's *Markman* decision -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling*] each party opposing a claim of patent infringement may serve "Final Invalidity Contentions" without leave of Court that amend its "Preliminary Invalidity Contentions" if: (i) a party claiming patent infringement has served "Final Infringement Contentions," or (ii) the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.

U. Amendment or modification of the Preliminary or Final Infringement Contentions or the Preliminary or Final Invalidity Contentions, other than as expressly

permitted herein, may be made only by order of the Court, which shall be entered only upon a showing of good cause.

V. On or about _____ [**120 days after the Court's *Markman* decision -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling]* all fact discovery shall be completed

W. The parties bearing the burden of proof on a particular issue shall disclose the name, address, and vita of each expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before [**no later than 150 days after the Markman ruling -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling*]. The parties not bearing the burden of proof on a particular issue shall disclose the name, address, and vita of each expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before [**30 days after the opposing party serves its expert witness disclosure -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling*]; or if the party with the burden of proof on a particular issue has disclosed no experts, the opposing party shall make its expert disclosure on or before [**no later than 180 days after the Markman ruling -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling*].

X. All dispositive motions shall be filed on or before _____ [**210 days after the Court's *Markman* decision -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling]* and shall be briefed pursuant to Local Rule 56-1.

Y. All expert discovery shall be completed on or before _____ [**210 days after the Court's *Markman* decision -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling]*.

Z. Any party who believes that bifurcation at trial is appropriate with respect to any issue or claim shall file a motion to that effect as soon as practicable, but in no event later than _____ [**120 days prior to trial -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling]*; responses shall be filed **within 15 days**; replies shall be filed **within 10 days**.

AA. Any motions to exclude or limit expert testimony at trial (*Daubert* motions) shall be filed on or before _____ [**120 days prior to trial -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling]*; responses shall be filed **within 15 days**; replies shall be filed **within 10 days**.

BB. The Court will schedule a case management conference approximately [**320 days after the Court's *Markman* decision -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling*].

    CC.    The parties have discussed preservation and disclosure of electronically stored discovery information, including a timetable for making the materials available to the opposing party. The parties agree to bear their own costs for collection, review, and production of electronically stored discovery information; however, each party reserves the right to seek Court intervention to shift such costs to the opposing side to the extent that the opposing side's request for electronically stored discovery information is unreasonable. The parties also have agreed that no party will seek production of, nor will an opposing party have an obligation to produce, an electronic document in native form.

           The parties agree that, with respect to the "clawback" of privileged documents, the parties will abide by the provisions of Section 18 of the Stipulated Protective Order entered in *Eli Lilly and Company v. Teva Parenteral Medicines, Inc., et al.*, 1:10-cv-01376-TWP-DKL, which Lilly and Accord have also agreed to in the Accord Action.

           The parties agree to continue to work in good faith to reach agreement regarding any other matters related to the scope and content of electronic discovery so as to minimize the burden and expense on all parties.

**III.**    **Referral to Magistrate Judge**

At this time, all parties do not consent to refer this matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 73 for all further proceedings including trial.

**IV.**    **Required Pre-Trial Preparation**

    A.    **SIXTY DAYS BEFORE THE FINAL PRETRIAL CONFERENCE**, the parties shall:

        1.    File a list of witnesses who are expected to be called to testify at trial.

        2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3.    Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs, along with all proposed jury instructions, *voir dire* questions, and areas of inquiry for *voir dire* (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. File any motions in limine, which shall be briefed according to Local Rule 7-1.

7. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **THIRTY DAYS BEFORE THE FINAL PRETRIAL CONFERENCE**, the parties shall:

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped

        depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

    3.    File any objections to proposed instructions and *voir dire* questions submitted by the opposing parties.

    4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## V.   Other Matters

### A.   Expert Discovery.

The parties agree that drafts of expert reports will not be retained and produced.

*Lilly's Further Proposal*

Lilly proposes that other expert discovery issues, if and when they arise, be governed by the Federal Rules of Civil Procedure and applicable case law.

Because the parties have not been able to reach agreement on additional language regarding expert discovery, Lilly does not believe that the CMP should place additional glosses on these rules to anticipate hypothetical discovery disputes, the precise nature and likelihood of which are speculative. As discussed at a prior conference with the Court on the CMP, the UCMP may contemplate broader discovery than what is now contemplated by Fed. R. Civ. P. 26(b)(4)(C), as amended in December 2010. That rule does not permit inquiry into "communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B)," with certain exceptions. Accordingly, Lilly believes the Federal Rules themselves, and applicable case law (which may continue to develop), should govern expert discovery.

*Apotex's and Accord's Further Proposal*

As required by the Court's Uniform Case Management Plan (UCMP), Apotex and Accord propose that inquiry be permitted into who, if anyone, other than the expert participated in the drafting of his/her report and what their respective contributions were. As an initial matter, inquiry into who actually prepared an expert's report is expressly contemplated, and indeed required, by the Court's UCMP. Indeed, the UCMP expressly provides that "[i]n the absence of such an agreement, drafts of expert reports need not be produced, **but inquiry into who participated in the drafting and what their respective contributions were is permitted**." (emphasis added). Lilly has given no legitimate reason why it should be permitted to ignore the express directive of the Court's UCMP—and for good reason, because there is none.

12

What's more, this requirement is not in any way inconsistent with the Federal Rules of Civil Procedure (FRCP). In fact, nowhere do the FRCP preclude inquiry into who actually drafted an expert's report. The bottom line is that, if an expert did not draft his/her report, or if someone else assisted, Apotex is entitled to know that. This is perfectly consistent with the FRCP. Moreover, that the parties in the Accord and Teva Actions agreed to other provisions is not reason to ignore the UCMP, local rules of practice, and FRCP in *this* case.

Apotex and Accord further propose that anything shown or told to a testifying expert relating to the issues on which he/she opines, or to the bases or grounds in support of or countering the opinion, is subject to discovery by the opposing party. Again, this is expressly contemplated, and indeed required by, the Court's UCMP, which expressly states that "[a]nything shown or told to a testifying expert relating to the issues on which he/she opines, or to the bases or grounds in support of or countering the opinion, is subject to discovery by the opposing party." This is also consistent with, and indeed required by the FRCP. And once again, Lilly has given no reason to ignore this requirement, much less a legitimate one.

### B. "An Introduction to the Patent System" Video.

In the event of a jury trial, at the final pretrial conference, the parties will inform the Court whether the parties agree that the video "An Introduction to the Patent System," distributed by the Federal Judicial Center, should be shown to the jurors in connection with its preliminary jury instructions.

### C. Exhibit Numbering.

Exhibit numbering shall, to the extent possible, be maintained with a single and unique exhibit number throughout the entire case. A party first marking a document as an exhibit (whether with a pleading or declaration, for a deposition or trial, or otherwise) shall mark it, and the parties shall cooperatively track which documents are so marked, and shall thereafter use that exhibit numbering for all purposes. While it is preferable to have exhibits marked sequentially, the parties may also agree to ranges of exhibit numbers for their respective, initial marking. If the same document is marked with more than one exhibit number inadvertently, such multiple exhibit numbers shall remain. The parties are not to mark exhibits as letters, but may, and are encouraged to, mark related documents (such as duplicates with different bates numbers, or related versions of the same document) with numbers followed by letters (e.g. Exh. 7, Exh. 7-A, and Exh. 7-B).

Date:   July 26, 2012

JOINTLY SUBMITTED BY

| | |
|---|---|
|    */s/ David M. Krinsky* |  */s/ Sally Franklin Zweig (with permission)* |
| Jan M. Carroll, No. 4187-49 | Sally Franklin Zweig |
| BARNES & THORNBURG LLP | Offer Korin |
| 11 South Meridian Street | Linda L. Vitone |
| Indianapolis, Indiana 46204 | KATZ & KORIN, PC |
| (317) 236-1313 | The Emelie Building |
| jan.carroll@btlaw.com | 334 North Senate Avenue |
| | Indianapolis, IN  46204-1708 |
| Bruce R. Genderson | Tel:  (31) 464-2626 |
| Adam L. Perlman | Fax:  (317) 464-1111 |
| Ellen E. Oberwetter | szweig@katzkorin.com |
| Dov P. Grossman | |
| David M. Krinsky | William A. Rakoczy |
| Megan A. Hughes | Paul J. Molino |
| WILLIAMS & CONNOLLY LLP | Rachel P. Waldron |
| 725 Twelfth Street, N.W. | John D. Polivick |
| Washington, DC  20005 | Brian P. Murray |
| (202) 434-5000 (telephone) | RAKOCZY MOLINO MAZZOCHI SIWIK LLP |
| (202) 434-5029 (facsimile) | 6 West Hubbard Street, Suite 500 |
| bgenderson@wc.com | Chicago, Illinois  60654 |
| aperlman@wc.com | Tel:  (312) 222-6301 |
| eoberwetter@wc.com | Fax:  (312) 222-6321 |
| dgrossman@wc.com | wrakoczy@rmmslegal.com |
| dkrinsky@wc.com | paul@rmmslegal.com |
| mhughes@wc.com | rwaldron@rmmslegal.com |
| | jpolivick@rmmslegal.com |
| *Attorneys for Plaintiff* | bmurray@rmmslegal.com |
| *Eli Lilly and Company* | |
| | *Attorneys for Defendants* |
| | *Apotex Inc. and Apotex Corp.* |
| | |
| |    */s/ James W. Riley (with permission)* |
| | James W. Riley, #6073.49 |
| | RILEY BENNETT & EGLOFF, LLP |
| | 141 East Washington Street, |
| |   Fourth Floor |
| | Indianapolis, Indiana 46204 |
| | Phone:      (317) 636-8000 |
| | Fax:         (317) 636-8027 |
| | jriley@rbelaw.com |

Michael R. Dzwonczyk
Chidambaram S. Iyer
Chandran B. Iyer
SUGHRUE MION, PLLC
2100 Pennsylvania Ave., N.W.
Washington, DC 20037
(202) 293-7060
(202) 293-7860
mdzwonczyk@sughrue.com
ciyer@sughrue.com
cbiyer@sughrue.com

*Attorneys for Defendant*
*Accord Healthcare, Inc., USA*

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY _____ ON _____ _____.  A FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____  .M., ROOM _____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M.  COUNSEL SHALL APPEAR: |
|   | _____ IN PERSON IN ROOM _____; OR |
|   | _____ BY TELEPHONE, WITH COUNSEL FOR _____ INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (\_\_\_\_) _____; OR |
|   | _____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (\_\_\_\_) _____. |
|   | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN. |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

.................................................................................
Date                                                                    U. S. District Court
                                                                        Southern District of Indiana