UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:12-cv-00086-TWP-DKL |
| | ) |
| ACCORD HEALTHCARE, INC., USA, | ) |
| APOTEX, INC. AND APOTEX CORP. | ) |
| | ) |
| Defendants. | ) |

**ORDER ON APOTEX'S MOTION FOR LEAVE TO FILE UNDER SEAL EXHIBIT 1 TO APOTEX'S UNOFFOSED MOTION FOR LEAVE TO SUPPLEMENT ITS PRELIMINARY INVALIDITY CONTENTIONS**

This matter is before the Court on the above referenced motion filed by Defendant Apotex Inc. and Apotex Corp. (collectively "Apotex") [Dkt. 55.]  For the reasons set forth below, the Court DENIES the motion.

**LEGAL STANDARD**

"The clerk may not maintain a paper under seal unless authorized to do so by statute, court rule, or court order." S. D. Ind. L.R. 5-11(a).  While the parties are free to regulate the confidentiality of their discovery exchanges among themselves, they do not have such uncontrolled freedom with respect to Court filings.  "[D]ocuments in any litigation enter the public record notwithstanding any earlier agreement." *Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002).  This Court has an independent duty to regulate the sealing of case files to ensure that only materials that

satisfy the rigorous sealing standards are sealed from the public.  See *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

## DISCUSSION

Defendant Apotex has requested that the Court seal Exhibit 1 to its Unopposed Motion for Leave to Supplement Its Preliminary Invalidity Contentions.  In support of their Motion, Defendant generally asserts that the Motion contains "specific trade secret and/or proprietary business information, the disclosure of which could harm the business enterprise interests of Apotex."  [Dkt. 55 at 1.]

Defendant's motion failed to analyze the applicable legal criteria or identify precisely which information legitimately may be kept from public inspection despite its importance to the resolution of the litigation.  *Baxter Int'l, Inc.*, 297 F.3d at 546.  Exhibit 1 is a 78-page document.  Portions of it may indeed contain confidential information; however, "a document that contains trade secrets may also contain material that is not a trade secret, in which case all that would be required to protect a party's interest in trade secrecy would be *redaction of portions of the document.*"  *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945 (emphasis added).  Defendants assert they will provide the Court with a redacted version *after* it grants the Motion.  That sequence of events would allow Defendants to redact any portion of Exhibit 1 and prohibit the Court from conducting its independent evaluation of whether the material requires sealing.

As the record presently stands there is no justification for this Court to maintain Exhibit 1 under seal in its entirety.  If the Defendants believe a portion of Exhibit 1 is entitled to sealing, Defendants have the onus to identify the portion that requires

sealing and develop the factual and legal arguments for maintaining the un-redacted version of the document under seal.

The Court, therefore, **ORDERS** Defendants to make its argument why the currently sealed document is entitled to such secrecy to be maintained under seal. Defendants shall have seven days from the date of this **ENTRY** to make a good faith determination whether any portion of Exhibit 1 filed under provisional seal is eligible to maintain that seal and, if so, it shall file a supporting brief setting forth the legal and factual basis it contends support sealing. The Court expects this filing to be non-conclusory and cite controlling and persuasive authority, particularly from the Seventh Circuit.

If Defendants file such a supporting brief, then Plaintiff shall notify the Court within three days after such brief is filed whether it will file a response brief. If Plaintiff intends to file a response, then the briefing deadlines shall be set forth according to S.D. Ind. 7-1(b). If Plaintiff does not intend to file a response, then briefing shall be closed. If a member of the public intervenes to challenge the sealing of any of the documents, the Court will set a briefing schedule depending on the timing of the intervention.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendants' *Motion for Leave to File Under Seal Exhibit 1 to Apotex's Unopposed Motion for Leave to Supplement Its Preliminary Invalidity Contentions*. [Dkt. 55.]

Date: 06/26/2013

*[signature]*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Anne N. DePrez
BARNES & THORNBURG LLP
adeprez@btlaw.com

Jan M. Carroll
BARNES & THORNBURG LLP
jan.carroll@btlaw.com

Linda L. Vitone
KATZ & KORIN P.C.
lvitone@katzkorin.com

Offer Korin
KATZ & KORIN P.C.
okorin@katzkorin.com

Sally F. Zweig
KATZ & KORIN P.C.
szweig@katzkorin.com

Brian P. Murray
RAKOCZY MOLINO MAZZOCHI
SIWIK, LLP
bmurray@rmmslegal.com

John D. Polivick
RAKOCZY MOLINO MAZZOCHI
SIWIK, LLP
jpolivick@rmmslegal.com

Paul J. Molino
RAKOCZY MOLINO MAZZOCHI
SIWIK, LLP
paul@rmmslegal.com

Rachael Pernic Waldron
RAKOCZY MOLINO MAZZOCHI
SIWIK, LLP
rpernicwaldron@rmmslegal.com

William A. Rakoczy
RAKOCZY MOLINO MAZZOCHI
SIWIK, LLP
wrakoczy@rmmslegal.com

James W. Riley, Jr.
RILEY BENNETT & EGLOFF LLP
jriley@rbelaw.com

Chandran B. Iyer
SUGHRUE MION, PLLC
cbiyer@sughrue.com

Chidambaram S. Iyer
SUGHRUE MION, PLLC
ciyer@sughrue.com

Michael R. Dzwonczyk
SUGHRUE MION, PLLC
mdzwonczyk@sughrue.com

Andrew V. Trask
WILLIAMS & CONNOLLY
atrask@wc.com

Adam L. Perlman
WILLIAMS & CONNOLLY LLP
aperlman@wc.com

Bruce Roger Genderson
WILLIAMS & CONNOLLY LLP
bgenderson@wc.com

David M. Krinsky
WILLIAMS & CONNOLLY, LLP
dkrinsky@wc.com

Dov P. Grossman
WILLIAMS & CONNOLLY, LLP
dgrossman@wc.com

Ellen E. Oberwetter  
WILLIAMS & CONNOLLY, LLP  
eoberwetter@wc.com

Megan A. Hughes  
WILLIAMS & CONNOLLY, LLP  
mhughes@wc.com